**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HENRY GIBBS, JR.**                                                                          **PLAINTIFF**

**V.**                                                         **NO. 4:16-CV-205-DMB-DAS**

**SUPERINTENDENT EARNEST LEE, et al.**                                  **DEFENDANTS**

## ORDER OF DISMISSAL

On May 12, 2017, the Court entered an order denying Henry Gibbs, Jr.'s motion to proceed in forma pauperis on the grounds that Gibbs had accumulated three strikes under 28 U.S.C. § 1915(g) and could not satisfy the statute's imminent danger requirement based on an allegation "that he is at risk of organ failure due to 'toxic smokes' from inmate drug use." Doc. #8. Having denied Gibbs in forma pauperis status, the Court ordered Gibbs "to pay the required filing fee within twenty-one (21) days" of the order and warned that the "failure to comply will subject his complaint to dismissal with prejudice for failure to prosecute and failure to obey a court order without further notice." *Id*.

Rather than pay the required filing fee, on June 5, 2017, Gibbs filed "Objections to This Court's Order Denying My In Forma Pauperis," which is in substance a motion for reconsideration. Doc. #10. Gibbs' "Objections" reassert the same argument rejected in this Court's previous order – that inmate contraband is causing him harm. *Id*. Because "[a] motion for reconsideration may not be used to rehash rejected arguments,"[1] Gibbs' request for reconsideration [10] is **DENIED**. Furthermore, given Gibbs' failure to pay the filing fee within the time set by the Court's May 12 order,[2] this case is **DISMISSED without prejudice** for failure

---

[1] *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

[2] "Merely filing a motion for reconsideration does not stay an impe[n]ding deadline." *In re Republic of Ecuador*, No. C-10-80225, 2011 WL 736868, at *4 (N.D. Cal. Feb. 22, 2011) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975)).

to prosecute and for failure to comply with an order of the Court under Federal Rule of Civil Procedure 41(b). Accordingly, Gibbs' pending motion for injunctive relief [6] is **DISMISSED as moot**.

**SO ORDERED**, this, the 26th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**